IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KACIE L. GALYON,<br>    Plaintiff,<br><br>vs.<br><br>CITY OF MELISSA, TEXAS;<br>JASON LITTLE, INDIVIDUALLY AND<br>IN HIS OFFICIAL CAPACITY;<br>DUANE A. SMITH, INDIVIDUALLY AND<br>IN HIS OFFICIAL CAPACITY; AND<br>MICHAEL GROETTUM, INDIVIDUALLY<br>AND IN HIS OFFICIAL CAPACITY,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:23-cv-140 |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Kacie L. Galyon, Plaintiff, and files this original complaint against the City of Melissa, Texas (hereinafter "City"); Jason Little, individually and in his official capacity (hereinafter "Little"); Duane A. Smith, individually and in his official capacity (hereinafter "Smith"); and Michael Groettum, individually and in his official capacity (hereinafter "Groettum") (hereinafter collectively "Defendants"), and would respectfully show the Court as follows:

### I.  PARTIES

1. Plaintiff is an individual residing in Grayson County, Texas.

2. Defendant City of Melissa, Texas. is a governmental entity in Texas and may be served by serving its mayor, Jay Northcut at Melissa City Hall, 3411 Barker Avenue, Melissa, Texas 75454.

3. Defendant Jason Little is an individual residing in Texas and may be served at Melissa City Hall, 3411 Barker Avenue, Melissa, Texas 75454.

4. Defendant Duane A. Smith is an individual residing in Texas and may be served at Melissa

City Hall, 3411 Barker Avenue, Melissa, Texas 75454.

5.   Defendant Michael Groettum is an individual residing in Texas and may be served at Melissa City Hall, 3411 Barker Avenue, Melissa, Texas 75454.

## II. JURISDICTION

6.   Jurisdiction is founded on federal question, specifically 42 U.S.C.A. §2000e, *et seq.* (Unlawful Employment Practices), as amended, and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

7.   All prerequisites to filing suit have been met.

## III. FACTS

8.   Plaintiff was employed for approximately over two years beginning in August 2019 by the City of Melissa, Texas. At the time of her discharge on or about March 21, 2022, she was employed as the City Secretary. Plaintiff maintained a good work record with no disciplinary action prior to her discharge.

9.   Upon information and belief, the City of Melissa had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under Title VII.

10.   On or about January 17, 2022, Plaintiff received multiple threats and name-calling via text message from Sgt. Michael Groettum of the Melissa Police Department. Groettum and Plaintiff had had a consensual relationship from approximately November 2020 to November 2021. Plaintiff ended the relationship when it became volatile and she felt mentally and emotionally abused. Groettum became increasingly possessive, controlling and unpredictable in his moods and responses to simple conversations.

11.   Prior to January 17, 2022, Plaintiff had done everything she could to keep this relationship

out of the workplace. To her knowledge, no one at the City of Melissa knew of the relationship.

12. On January 18, 2022, twelve hours after threatening her via text, Groettum texted Plaintiff on her personal cell phone about "what was for lunch" as if they were going to have lunch together. She did not respond.

13. Groettum then attempted to have a personal conversation with Plaintiff on their work-issued cell phones. This violated the City of Melissa's Policies and Procedures as all City-issued devices are subject to the Texas Public Information Act. Plaintiff told him that was an inappropriate usage of a work device and he argued it was not. She refused to respond further. He attempted to call her on the evening of January 18, 2022 and she replied via text that she did not wish to speak to him.

14. On January 19, 2022, Groettum attempted to ask Plaintiff to go to lunch again. She reminded him that she was not interested in lunch with him and he followed that up with more threats. She blocked him.

15. Plaintiff immediately went to her immediate supervisor, Jason Little, City Manager, and told him what was going on. She was going to be out of town for a week beginning the next day and they both hoped the situation would calm down.

16. Plaintiff returned to work on January 26, 2022 and had no contact with Groettum.

17. On Friday, February 11, 2022, Plaintiff arrived home from work to find flowers on her back porch. The note on the flowers from Groettum read: "Happy Valentines Day to the girl that holds my heart – Michael Groettum." He had not listened to her multiple requests not to speak to her anymore.

18. Plaintiff immediately called Little, apologizing for bothering him on a Friday night. Little advised her to talk to Chief of Police Duane A. Smith since Groettum was his employee. Little made the initial call to Smith.

19.     Smith called Plaintiff around 9:00 p.m. and asked her for a statement so he would be fully aware of the situation and could deal with it accordingly.  After almost an hour, they agreed that she would take the rest of the weekend to mull over things and they would reconvene on Monday.

20.     Plaintiff arrived at work on Monday, February 14, 2022, at approximately 7:30 a.m.  She had just entered her office when she heard the door to the Administration Suite open.  The hallway lights were not yet on and she stepped out of her office to see Groettum walking toward her.  He attempted to greet her and she cut him off saying that she did not feel comfortable with him there and asked him to leave.  He argued and she told him to leave several times.

21.     Eventually Plaintiff heard the door to the common area open and close so she assumed he had left.  She returned to her office.  A moment later, she looked up to see him in her doorway, entering her office.  She told him again to leave.  He did so.  Since no one else was at the City Hall, she knew she needed to close and lock her door.

22.     Plaintiff telephoned Smith shortly after 8:00 a.m. and asked him to come over.  When she told him that Groettum had tried to approach her that morning, Smith seemed surprised and disappointed.  He said he and Asst. Chief Thornhill would take care of the issue and left her office.  Later that day, Smith returned to her office and told her he sat Groettum down along with Asst. Chief Thornhill and told him not to make any contact with Plaintiff that was not in writing.  He said he felt confident that there was nothing she had to worry about and she should reach out to him if she had any concerns.

23.     Groettum became bolder as the days went on.  He approached Plaintiff once in the presence of another employee, Hope Cory.  On March 7, 2022, he attempted to corner Plaintiff in her office.  This incident was witnessed by Mitzi McCabe, Human Resources Director for the City.

24.     At the direction of Ms. McCabe, Plaintiff informed Asst. Chief Thornhill that she did not feel

her first complaint was handled appropriately as Groettum was still attempting to contact her via phone and had approached her in person twice. Asst. Chief Thornhill said he would discuss this with Smith. He returned to her office with a form titled "City of Melissa Internal Police Department Complaint" and stated she needed to fill it out for her complaint to be official.

25. Plaintiff asked him why she had not been offered this Complaint to complete before and Thornhill said Smith had "thought the issue could be handled internally."

26. Upon information and belief, this is a direct violation of the City's Personnel Policies and Procedures Manual – Sec. 6-12 – "Harassment Prevention."

27. Plaintiff completed the Complaint form and handed it directly to Smith. Smith provided a copy to Ms. McCabe and took another to the Police Department.

28. According to Ms. McCabe, the complaint triggered the appointment of a third-party attorney to investigate Plaintiff's complaints. The attorney, Dustin Paschal, received all text messages as well and took a verbal statement from Plaintiff via telephone on March 14, 2022.

29. Beginning March 15, 2022, Plaintiff noticed she was being treated differently by colleagues including Little, her direct supervisor. Everyone was distant and she felt she was being shunned.

30. It was obvious news of Plaintiff's complaints had traveled around the office and City as Finance Director Gail Dansby told Plaintiff she was "sorry it didn't work out between [Plaintiff] and Michael" and that "he was probably just very emotional and cared for [Plaintiff] a lot." Among other insensitive comments, she told Plaintiff "Jason (Little) and the rest of us would just really like this all to blow over so we can all move on."

31. Ms. Dansby also asked Plaintiff how her call with Mr. Paschal went which confused Plaintiff since Ms. Dansby should have no knowledge of the details of Plaintiff's complaint. Plaintiff believes Ms. Dansby got her information from Ms. McCabe, a very good friend of Ms. Dansby.

This was confirmed when Ms. McCabe later entered Plaintiff's office and told Plaintiff she hoped Plaintiff did not mind that she had asked Gail to check on her. It is a violation of the City's "Harassment Prevention" policy for Ms. McCabe to have spoken to Ms. Dansby about Plaintiff's complaint.

32. On March 18, 2022 at approximately 8:15 a.m., Little stood inside the door of Plaintiff's office and said that two City Council Members had told him she had rolled her eyes and huffed and puffed at him during a Council meeting the previous evening. He claimed Plaintiff did so in response to him asking her to switch chairs. At no time did Plaintiff roll her eyes at him nor behave in such a childish manner, let alone at a City Council meeting. Plaintiff denied doing so and refused to apologize for something she had not done and that he knew she would not do.

33. Little became frustrated and left Plaintiff's office. He immediately returned and came closer to her desk where he accused her of laughing, which she was not. Plaintiff told him this situation was ridiculous and he left again. He again returned to her office and stood over her as she remained seated at her desk. He raised his voice at her to the point the entire Administration Suite could hear him and he told her to pack up and go home.

34. Plaintiff packed up her personal belongings and work computer and went home. She also left a message for Mr. Paschal requesting to discuss the incident which she believed to be retaliation. She made multiple calls and left voice mails throughout the day. None were returned by Mr. Paschal.

35. That day Plaintiff participated in a Zoom meeting from home regarding the City's software and began to finalize the City Council packet which was to be posted that evening. She received a call that morning from Tyler Brewer, Director of Development and Neighborhood Services, telling her Little asked him to work on the packet.

36. Plaintiff had no contact with Mr. Paschal or anyone from the City during the weekend.

37. On Monday, March 21, 2022, Plaintiff returned to the office. That morning Mr. Paschal returned her calls. Plaintiff recounted the incident with Little and expressed her concern that Ms. Dansby knew about the investigation including details that Plaintiff had shared with no one other than Ms. McCabe, the Human Resources Director.

38. During the morning of March 21, 2022, Ms. Dansby was in and out of Little's office with the door closed.

39. At approximately 10:35 a.m., Little walked out of Ms. Dansby's office and into Plaintiff's. He handed her a letter stating she was terminated as a result of the interaction they had on March 18, 2022. In the letter, he stated that he himself had witnessed her alleged behavior on Thursday, March 17, when he previously specifically told her on March 18 that he had heard it from two Council Members. The letter also stated that Plaintiff violated Sec. 6-02 (6) of the City's Personnel Policy and Procedure Manuel which was grounds for termination.

40. Upon information and belief and according to Little, Groettum has a history of incidents and complaints against him.

41. Plaintiff alleges she was discriminated against based on her sex (female) and sexually harassed.

42. Plaintiff further alleges she was discharged in retaliation for making a sexual harassment claim against Groettum and to relieve the City from having to investigate the harassment claim, even though there were multiple documented incidents of harassment by Groettum that took place at City Hall.

43. At the time of her discharge, Plaintiff was earning approximately $ 80,000.00 per year plus benefits.

## IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

### COUNT I

**Violations of 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended**

44.     Plaintiff incorporates the factual allegations contained in paragraphs 8-43 herein as if set out verbatim.

45.     Plaintiff alleges that she was discriminated against in violation of 42 U.S.C.A. §2000e, *et seq*. (Unlawful Employment Practices), as amended, protecting Plaintiff (female) from gender discrimination in the workplace.

46.     Plaintiff was well qualified for the position of City Secretary for the City of Melissa based upon her education, training, and over two years of experience as City Secretary for the City.

47.     Any reason the City may offer for discharging Plaintiff as City Secretary is purely pretextual, as Plaintiff never received a negative performance review and was never given notice of performance deficiencies of any kind during her two years of employment with the City of Melissa.

48.     Plaintiff claims all relief, legal and equitable, that effectuate her rights under 42 U.S.C.A. § 2000e, *et seq*. (Unlawful Employment Practices), as amended.

49.     Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A. § 2000e, e*t seq*. (Unlawful Employment Practices), as amended.

50.     On or about June 2, 2022, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On February 1, 2023, she received the Notice of Right to Sue from the U.S. Department of Justice, Civil Rights Division, which was dated February 1, 2023.

51.     In addition to Count I, or in the alternative, Plaintiff alleges as follows:

## COUNT II

**Violations of  42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended**

52. Plaintiff incorporates the factual allegations contained in paragraphs 8-43 herein as if set out verbatim.

53. Plaintiff alleges that she was discriminated against in violation of 42 U.S.C.A. §2000e, *et seq*. (Unlawful Employment Practices), as amended, protecting Plaintiff (female) from sexual harassment in the workplace.

54. Groettum's actions toward Plaintiff constitute sexual harassment as defined . . . .

55. No disciplinary action was taken against Groettum by the City, Little, or Smith.

56. The City, Little, and Smith failed to protect Plaintiff from Groettum's sexual harassment.

57. Plaintiff claims all relief, legal and equitable, that effectuate her rights under 42 U.S.C.A.  § 2000e, *et seq*. (Unlawful Employment Practices), as amended.

58. Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A.  § 2000e, e*t seq*. (Unlawful Employment Practices), as amended.

59. On or about June 2, 2022, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On February 1, 2023, she received the Notice of Right to Sue from the U.S. Department of Justice, Civil Rights Division, which was dated February 1, 2023.

60. In addition to Counts I and II, or in the alternative, Plaintiff alleges as follows:

## COUNT III

**Violations of 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended**

61.     Plaintiff incorporates the factual allegations contained in paragraphs 8-43 herein as if set out verbatim.

62.     Plaintiff alleges that she was retaliated against in violation of 42 U.S.C.A. §2000e, *et seq*. (Unlawful Employment Practices), as amended, protecting Plaintiff (female) from retaliation for reporting sexual harassment in the workplace.

63.     Plaintiff reported Groettum's sexual harassment to the City, Little, and Smith.

64.     No disciplinary action was taken against Groettum by the City, Little, or Smith.

65.     Plaintiff was discharged.

66.     Plaintiff claims all relief, legal and equitable, that effectuate her rights under 42 U.S.C.A. § 2000e, *et seq*. (Unlawful Employment Practices), as amended.

67.     Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A. § 2000e, e*t seq*. (Unlawful Employment Practices), as amended.

68.     On or about June 2, 2022, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On February 1, 2023, she received the Notice of Right to Sue from the U.S. Department of Justice, Civil Rights Division, which was dated February 1, 2023.

69.     In addition to Counts I, II, and III, or in the alternative, Plaintiff alleges as follows:

## V. STATE CLAIMS FOR RELIEF AND DAMAGES

### Violations of TEX. LABOR CODE § 21.051, *et seq.*

**A.     Discrimination on the Basis of Sex**

70.    Plaintiff incorporates the factual allegations contained in paragraphs 8-43 herein as if set out verbatim.

71.    Plaintiff was discharged in violation of TEX. LABOR CODE § 21.051, *et seq.*, as amended, protecting Plaintiff from discrimination in the workplace based on her sex (female).

72.    Plaintiff was well qualified for the position of City Secretary for the City of Melissa based upon her education, training, and two years of experience as City Secretary for the City of Melissa.

73.    Any reason the City may offer for discharging Plaintiff as City Secretary is purely pretextual, as Plaintiff never received a negative performance review and was never given notice of performance deficiencies of any kind during her employment with the City of Melissa.

74.    Plaintiff claims all relief, legal and equitable that effectuate her rights under TEX. LABOR CODE § 21.051, *et seq.*, including TEX. LABOR CODE § 21.258.

75.    Plaintiff requests reasonable attorney's fees and costs as permitted under TEX. LABOR CODE §21.259.

76.    On or about June 2, 2022, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On February 1, 2023, she received the Notice of Right to Sue from the U.S. Department of Justice, Civil Rights Division, which was dated February 1, 2023.

**B.     Sexual Harassment in the Workplace**

77.    Plaintiff incorporates the factual allegations contained in paragraphs 8-43 herein as if set out verbatim.

78.     Plaintiff was discharged in violation of TEX. LABOR CODE § 21.051, *et seq.*, as amended, protecting Plaintiff from sexual harassment in the workplace.

79.     Groettum's actions toward Plaintiff constitute sexual harassment as defined . . . .

80.     No disciplinary action was taken against Groettum by the City, Little, or Smith.

81.     The City, Little, and Smith failed to protect Plaintiff from Groettum's sexual harassment.

82.     Plaintiff claims all relief, legal and equitable that effectuate her rights under TEX. LABOR CODE § 21.051, *et seq.*, including TEX. LABOR CODE § 21.258.

83.     Plaintiff requests reasonable attorney's fees and costs as permitted under TEX. LABOR CODE §21.259.

84.     On or about June 2, 2022, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On February 1, 2023, she received the Notice of Right to Sue from the U.S. Department of Justice, Civil Rights Division, which was dated February 1, 2023.

**C.     Retaliation for Reporting Sexual Harassment in the Workplace**

85.     Plaintiff incorporates the factual allegations contained in paragraphs 8-43 herein as if set out verbatim.

86.     Plaintiff was discharged in violation of TEX. LABOR CODE § 21.051, *et seq.*, as amended, protecting Plaintiff from retaliation for reporting sexual harassment in the workplace.

87.     Plaintiff reported Groettum's sexual harassment to the City, Little, and Smith.

88.     No disciplinary action was taken against Groettum by the City, Little, or Smith.

89.     Plaintiff was discharged.

90.     Plaintiff claims all relief, legal and equitable that effectuate her rights under TEX. LABOR CODE § 21.051, *et seq.*, including TEX. LABOR CODE § 21.258.

91. Plaintiff requests reasonable attorney's fees and costs as permitted under TEX. LABOR CODE §21.259.

92. On or about June 2, 2022, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On February 1, 2023, she received the Notice of Right to Sue from the U.S. Department of Justice, Civil Rights Division, which was dated February 1, 2023.

## VI. DAMAGES

93. Plaintiff would show that she has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendants' wrongful conduct.

94. Plaintiff claims all relief at law and in equity pursuant to 42 U.S.C.A. § 2000e, *et seq*. (Unlawful Employment Practices), as amended.

95. Plaintiff claims all relief, legal and equitable that effectuate her rights under TEX. LABOR CODE § 21.051, *et seq.*, including TEX. LABOR CODE § 21.258.

96. Defendants' conduct in terminating Plaintiff was done intentionally and with malice. Accordingly, Plaintiff claims all compensatory damages as authorized by TEX. LABOR CODE § 21.2585.

## VII. ATTORNEY'S FEES

97. Plaintiff would show that, as a result of Defendants' wrongful conduct as set forth herein, she is entitled to reasonable and necessary attorney's fees.

## VIII. JURY DEMAND

98. Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing hereof, Plaintiff have judgment against Defendants for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by

law; reinstatement; liquidated damages; mental anguish; punitive damages; reasonable attorney's fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show herself justly entitled.

>Respectfully submitted,
>
>**RONALD R. HUFF**
>Attorney and Counselor at Law
>112 South Crockett Street
>Sherman, Texas 75090
>(903) 893-1616 (telephone)
>(903) 813-3265 (facsimile)
>ronhuff@gcecisp.com
>
>
> /s/ Ronald R. Huff_____
>Ronald R. Huff (SBN 10185050)
>
>**ATTORNEY FOR PLAINTIFF**